PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GURISH, *pro se* | ) | |
| | ) | CASE NO. 1:10cv2292 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, *et al.*, | ) ) ) ) | |
| Defendants. | ) | **ORDER** [Resolving ECF No. 51] |

State Defendants filed a Motion to Strike Plaintiff's Opposition to Motion to Dismiss and Exhibits, presumably pursuant to Federal Rule of Civil Procedure 12(f), Local Rule 7.1 ECF No. 51. The Court grants the State Defendants' motion to strike *pro se* Plaintiff Gurish's opposition which appears to be a sur-reply and the exhibits relied upon in that putative sur-reply. The Court denies the motion to the extent it requests that the exhibits relied upon in Plaintiff Gurish's first opposition (ECF No. 42-1) also be stricken, reserving the ability to consider them, as described herein, after giving notice of its intention to do so, if appropriate.

## I. Background

Plaintiff Gurish filed an Amended Complaint alleging Defendants violated 42 U.S.C. 1981, 1983, and 2000d, 28 U.S.C. 1331 and 1343, the American with Disabilities Act Section 504 of the Rehabilitation Act, 42 U.S.C. 12112, the Labor Management Relations Act, 29 U.S.C. 185(a), and the Civil Rights Act of 1964. ECF No. 28. The named Defendants include state employees (the "State Defendants") and the Ohio Civil Service Employees Association.

The State Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil

(1:10cv2292)

Procedure 12(c). ECF No. 39. Plaintiff Gurish filed an opposition and included "modifications" to the amended complaint plus five new exhibits. ECF No. 42-1 at 1. State Defendants subsequently filed a reply. ECF No. 45.

Plaintiff Gurish then filed another opposition to the State Defendants' motion to dismiss with additional exhibits. ECF Nos. 49, 50. State Defendants filed a motion to strike Plaintiff Gurish's second opposition and its exhibits, ECF Nos. 49, 50, on the basis that the second opposition is a sur-reply. ECF No. 51. State Defendants argue Plaintiff Gurish did not obtain leave of Court to file a sur-reply and, therefore, is not in compliance with Local Rule 7.1. ECF. No. 51.

State Defendants further ask the Court to strike the exhibits Plaintiff Gurish filed with his original opposition (ECF No. 42-1). State Defendants allege the exhibits go beyond the pleadings and, as such, may not be filed after pleadings have been closed. ECF No. 51 at 4. State Defendants further argue that even if exhibits attached to an opposition are proper, these exhibits were not authenticated and, therefore, violate Federal Rule of Evidence 901(a). ECF No. 51 at 4.

## II. Discussion

### A.

The Court first decides the issue of the sur-reply. When a moving party files a motion, the non-moving party may file an opposition memorandum. L. Rule 7.1. The moving party may then file a reply memorandum. *Id*. The non-moving party may not file another memorandum unless it obtains leave of court to do so. Because Plaintiff Gurish did not obtain leave of Court to file the sur-reply, the second opposition (ECF No. 49) and the attached exhibits (ECF No. 50) are

(1:10cv2292)

improper. Accordingly, the Court grants State Defendants' motion to strike Plaintiff Gurish's sur-reply. ECF Nos. 49 , 50.

**B.**

Plaintiff Gurish filed proposed modifications to his amended complaint. ECF No. 28. These proposed modifications are also inappropriate. A plaintiff must obtain leave of court to amend its complaint. Federal Rule of Civil Procedure 15(a)(2). Because Plaintiff Gurish did not obtain leave of Court to amend the amended complaint, the proposed modifications (ECF No. 42-1) are improper. Therefore, although not the subject of the instant motion to dismiss, Plaintiff Gurish is hereby on notice that the proposed modifications are not properly before the Court and, therefore, the Court may choose not to considered them.

**C.**

The exhibits attached to Plaintiff Gurish's original opposition *may* also be inappropriate. In ruling on a 12(c) motion, the court may only consider the allegations in the initial pleading. *See* Wilson v. Karnes, 2007 WL 4207154 *2 (finding *pro se* litigant's evidentiary materials, though filed in good faith, nonetheless went beyond the pleadings and would have converted the 12(c) into a motion for summary judgement). Further, a court may only rely on documents that have been authenticated. *See* Peart v. Seneca County, 2011 WL 1743432 (citing *Rush v. Illinois Cent. R. Co.*, 339 F.3d 705, 722 (6th Cir. 2005); Federal Rule of Evidence 901(a)).

To determine whether the exhibits attached to Plaintiff Gurish's opposition (ECF No. 42-1) are appropriate for the Court to consider in a 12(c) motion, the Court turns now to consider the exhibits in the context of the pleadings in this case.

**D.**

(1:10cv2292)

Some of the exhibits submitted with Plaintiff Gurish's amended complaint (ECF No. 28) appear duplicative of those filed with Plaintiff Gurish's properly filed or "first" opposition to the State Defendants' motion to dismiss (ECF No. 42-1).  To the extent the Court finds a submitted exhibit duplicative; a completion of an incomplete original submission; or otherwise valid, including being subject to judicial notice; the Court may consider those exhibits when ruling on the State Defendant's motion for judgment on the pleadings (ECF No. 39).  Should the Court decide to consider any of these exhibits, it will give notice of its intention to do so, if appropriate.

### III. Conclusion

The Court hereby grants State Defendants' Motion to Strike Plaintiff's Opposition to Motion to Dismiss (ECF No. 51), regarding the sur-reply (ECF No 49) and the exhibits submitted in support of the sur-reply (ECF No. 50).  Regarding the exhibits attached to Plaintiff Gurish's first opposition (ECF No. 42-1), the Court denies the motion to strike and reserves the ability to consider them, as described above, after giving notice of its intention to do so, if appropriate.

As explained above, while the Court understands and appreciates Plaintiff Gurish's desire to fully inform the Court of all matter that may be related to the instant matter, Plaintiff Gurish is hereby on notice that the proposed modifications to the amended complaint are not properly before the Court and, therefore, the Court may choose not to considered them.

IT IS SO ORDERED.

| | |
|---|---|
| May 31, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |