PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GURISH, | ) | CASE NO. 1:10CV02292 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF MENTAL | ) | |
| RETARDATION AND | ) | |
| DEVELOPMENTAL DISABILITIES, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 87] |

This matter is before the Court upon Defendant Ohio Department of Developmental Disabilities' ("ODDD") Motion for Reconsideration filed on July 30, 2012. ECF No. 87. For the reasons set forth below, the Court grants ODDD's Motion for Reconsideration and partially modifies its previous Order (ECF No. 85).

I.

This case is brought by Plaintiff pursuant to multiple federal statutes against multiple defendants stemming from alleged employment discrimination and retaliation.[1] ECF No. 85 at 4.

---

[1] The Second Amended Complaint alleged claims pursuant to: Deprivation of Right to Procedural Due Process 42 U.S.C. § 1983; ADA Section 504 of the Rehabilitation Act of 1973 as amended Title 42 12112, 29 U.S.C. § 794; Wrongful Termination 28 U.S.C. §§ 1331 and 1343, the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983, and 2000d; Breach of Duty of Fair Representation Labor Management and Relations Act Section 301(a) 29 U.S.C. § 185(a); Retaliation Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. ECF No. 28 at 18-29.

The Defendants are: ODDD and its employees John Martin, Ginnie Whisman, Laura Frazier, Randy Russell, Wendy DiGregorio, Karen Reich, Donna Adams, and David Montgomery (collectively "ODDD Defendants"); Ohio Department of Administrative Services ("ODAS") and its employees Hugh Quill, Bonnie Cross, and Susan Bythwood Russell (collectively "ODAS Defendants"); Ohio Civil Service Employees Association (collectively "OCSEA") and its employee Robert Robinson ("OCSEA Defendants"); and Ohio Assistant

(1:10cv02292)

The Court dismissed in part Plaintiff's claims (ECF No. 85) based upon motions for summary judgment filed by ODDD, ODAS and OCSEA (ECF Nos. 39, 46).  Remaining is Plaintiff's claim of retaliation against ODDD.  ECF No. 85 at 30.  ODDD filed a motion for reconsideration based upon its belief the Court's ruling on Plaintiff's Title VII retaliation claim results in a clear error of law.  ECF No. 87 at 3.

II.

The authority to reconsider denial of a motion to dismiss before final judgment has been entered is well established.  *E.g.*, Fed.R.Civ.P. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance.").  While a motion for reconsideration should not be used to re-litigate issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Company*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).  Here, a need to correct a clear error justifies revisiting the prior decision denying ODDD's motion to dismiss the retaliation claim.

III.

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) he engaged in activity protected by Title VII; (2) this exercise of protected activity was known to

---

Attorney General Gregory Patterson.  ECF No. 28 at 4-7.

(1:10cv02292)

defendant; (3) defendant thereafter took adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hafford v. Seinder*, 183 F.3d 506, 515 (6th Cir. 1999). "Protected activity" refers to opposing any practice made unlawful under Title VII (discrimination based on sex, race, color, religion, or national origin), or making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing pursuant to Title VII. *Scott v. Potter*, 182 Fed. App'x. 521, 524 (6th Cir. 2006); 42 U.S.C. §§ 2000e-2; 2000e-3(a);

An employee alleging employment retaliation in violation of Title VII must first file an administrative charge with the EEOC that must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). *See also* 42 U.S.C. § 2000e-5(e)(1). Generally, a plaintiff may not bring claims in a lawsuit that were not included in her EEOC charge. *Younis v. Pinnacel Airlines*, 610 F.3d 359, 362 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). While courts should construe complaints liberally, the claims must reasonably relate to or grow out of the factual allegation in the EEOC charge. *Randolph v. Ohio Dept. of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006); *Younis*, 610 F.3d at 362.

In the Court's Order, it relied upon *Sullivan v. Coca-Cola Bottling Co. of Ohio/Kentucky*, 182 Fed. App'x. 473 (6th Cir. 2006), to hold that Plaintiff sufficiently put ODDD on notice of his retaliation claim by checking the "retaliation" box. ECF No. 85 at 30. However, *Sullivan* is distinguishable from the case at bar as *Sullivan* not only checked the retaliation box but also included in her EEOC charge an allegation that the employer retaliated against her "because she

3

(1:10cv02292)

complained of racial and sexual discrimination." *Sullivan*, 182 Fed. App'x. at 476. While Plaintiff filed a charge of discrimination with the EEOC, he did not identify any activity protected by Title VII. ECF No. 28-1 at 67. Moreover, Plaintiff failed to exhaust his administrative remedies and the additional activity identified within his Second Amended Complaint (ECF No. 28) is not protected pursuant to Title VII.

IV.

Plaintiff alleged within his EEOC charge that he was retaliated against "after reporting an unsafe work environment." ECF No. 28-1 at 67. He provided additional information within Count Five of his Second Amended Complaint, wherein he claimed that as president of his union, he filed a complaint with OSHA for unsafe working conditions. ECF No. 28 at 27. To support his claims, Plaintiff attached exhibits A, I and J which relate strictly to his claims of an unsafe working condition. ECF No. 28-1 at 2-5; 25-38. Plaintiff's actions for which he alleges retaliation within his EEOC charge are not considered protected activity under Title VII as defined above, but instead relate to claims of OSHA violations. 42 U.S.C. §§ 2000e-2; 2000e-3. Thus he fails to make a *prima facie* claim of retaliation pursuant to Title VII.

V.

Plaintiff identifies two newly alleged claims of protected activity within his Second Amended Complaint. ECF No. 28-1 at 67. These two claims are not reasonably expected to grow out of his EEOC charge of discrimination and thus Plaintiff has failed to exhaust his administrative remedies.

Within the Sixth Circuit, the courts have long held that an EEOC charge is limited to the

4

(1:10cv02292)

scope of what could reasonably be expected to grow out of the charge of discrimination. *Equal Employment Opportunity Comm'n v. The Bailey Company, Inc.*, 563 F.2d 439, 446 (6th Cir. 1977). In a case of retaliation, the alleged retaliatory actions would "naturally grow[] out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants." *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999).

In the instant case, Plaintiff's charge of discrimination is limited to his claim that he was "discriminated against due to my disability." ECF No. 28-1 at 67. Beyond that Plaintiff's Second Amended Complaint also alleges that he 1) "engaged in administrative proceeding (sic) that investigates or adjudicates a discrimination claim" and (2) "aided a fellow employee in her discrimination claim by testifying and providing an affidavit or sworn statement against Director Randy Russell in support of her discrimination." ECF No. 28 at 27. These two additional allegations do not relate to Plaintiff's disability or his claims of OSHA violations. Thus, these allegations could not reasonably be expected to grow out of Plaintiff's EEOC charge of discrimination.

Moreover, the action Plaintiff alleges he took of aiding a fellow employee does not qualify as protected activity. To support his claim, Plaintiff attached a statement he allegedly wrote as evidence of his involvement in an alleged discrimination claim of a fellow employee. ECF No. 28-1 at 15-7. Specifically Plaintiff states that he represented a fellow employee as her union president during an investigation into accusations against her handling of client funds. ECF No. 28-1 at 16. He then states that he resigned as president and had no further involvement

(1:10cv02292)

in the matter.  ECF No. 28-1 at 16.  Representing the employee at her investigatory interview is not protected activity under the participation clause of Title VII.  *Warren v. Ohio Dep't of Pub. Safety*, 24 Fed. App'x. 259, 264-65 (6th Cir. 2001).  Pursuant to 42 U.S.C. § 2000e-3(a), a plaintiff must have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*."  *Warren,* 24 Fed. App'x. at 265 (emphasis in original).  This language is read by the courts literally.  *Id*.  Also, Plaintiff's statement identified the meeting as an investigation into accusations against the employee; therefore, it does not qualify as a statement regarding a discrimination claim.

### VI.

For the aforementioned reasons, the Court grants ODDD's Motion to Reconsider.  ECF No. 87.  The Court modifies in part its previous Order denying ODDD's Motion to Dismiss the claim of Title VII retaliation, ECF No. 85, and grants ODDD's motion to dismiss the claim of Title VII retaliation.  The Judgment Entry is modified to comport with this Order.

IT IS SO ORDERED.

| | |
|---|---|
| August 23, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |